# UNITED STATES DISTRICT COURT
for the

District of South Carolina

| | | |
|---|---|---|
| United States of America | ) | Case No: 4:09-cr-1034-005 (TLW) |
| | ) | USM No: 19058-171 |
| -versus- | ) | Pro se |
| | ) | Defendant's Attorney |
| **Damien Kenta Johnson** | ) | |
| a/k/a D Black | ) | |
| | ) | |
| Date of Previous Judgment: November 17, 2010 | ) | |
| *(Use Date of Last Amended Judgment if Applicable)* | ) | |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ❑ the Director of the Bureau of Prisons ❑ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is **DENIED** (Docs. # 562 & # 563). The defendant's sentence was governed in large part by the statutory mandatory minimum sentence of 120 months imprisonment for his conviction. Although the top of defendant's guideline range slightly exceeded the mandatory minimum, the court departed downward from the 120-month mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1, and arrived at a new sentence of 70 months. Amendment 750 does not apply to this situation because it does not have the effect of lowering the defendant's guideline range, due to the application of the mandatory minimum sentence from which the court departed.

**IT IS SO ORDERED**.

Order Date:   July 2, 2012                               s/ Terry L. Wooten
                                                          *Judge's signature*

Effective Date:                                           Terry L. Wooten, United States District Judge
*(if different from above)*