IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| COREY ALLEN ROBINSON, | ) | Civil Action No. 4:11-3311-TLW |
| | ) | Criminal No. 4:09-1034-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Corey Allen Robinson. ("Petitioner" or "Defendant"). On September 22, 2009, a federal grand jury returned a single count Indictment charging Petitioner with Conspiracy to Distribute 500 grams or more of Cocaine and 50 grams or more of Crack Cocaine, in violation of 21 U.S.C. §§ 841 and 846. (Doc. # 4). On April 28, 2010, Petitioner pled guilty to the offense charged in the Indictment. (Doc. # 342). The signed plea agreement in Petitioner's case included an express waiver by Petitioner of his right to contest his sentence and conviction in post-conviction proceedings, except upon grounds of ineffective assistance of counsel and prosecutorial misconduct. (Doc. # 330 at p.7). On October 26, 2010, Petitioner was sentenced to 168 months imprisonment. (Docs. # 452 and # 486). The judgment in Petitioner's case entered on November 05, 2010. (Doc. # 486). Petitioner waived his right to appeal his conviction and sentence.

On December 6, 2011, Petitioner filed the present action raising two grounds of relief, both principally rooted in a theory of ineffective assistance of counsel.[1] (Doc. # 567). On March 8, 2012, the Government filed its response and moved to dismiss Petitioner's claims, arguing that Petitioner's application is time-barred as well as lacking substantive merit. (Doc. # 585). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed March 9, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 586). Petitioner filed a response on March 20, 2012. (Doc. # 588). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional

---

[1] To the extent Petitioner has raised claims of relief not grounded in a theory of ineffective assistance of counsel or prosecutorial misconduct, these claims are properly dismissed as subject to the waiver provision of Petitioner's plea agreement. (Doc. # 330 at p.7)

error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## DISCUSSION

### A. Time Bar Analysis

The Government contends that Petitioner's § 2255 application is time-barred insofar as it was filed more than one year after Petitioner's conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Here Petitioner's judgment of conviction entered on November 5, 2010, and Petitioner did not file an appeal. (Doc. # 486). As such, Petitioner's judgment became final on or about November 19, 2010, and Petitioner's one year limitation period to file under § 2255 expired one year later, on or about November 19, 2011. The earliest that Petitioner can be credited with submitting this § 2255 petition is December 2, 2011.[2] (Doc. # 567).

In his application, Petitioner attempts to justify the lateness of his filing by arguing that he recently discovered facts that support his claim. (Doc. # 567 at p.16). However, Petitioner neither sets out these newly discovered facts nor indicates how or why he was only able to discover these facts belatedly.

Nor does this Court's review of the record reveal any other viable grounds supporting an equitable tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that

---

[2] Although Petitioner's § 2255 petition was formally docketed on December 6, 2011, the date that appears on the filing in the area of Petitioner's signature is December 2, 2011. (Doc. # 567). However, even giving Petitioner the benefit of this four day discrepancy, Petitioner's application was still filed beyond the one year limitation period.

the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

Here the Petitioner has cited no grounds capable of justifying equitable tolling in this case. The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.

B. **Alternate Grounds of Dismissal**

As the Government points out in its Memorandum, there exist independent, alternative grounds upon which to dismiss Petitioner's application. (Doc. # 585-1). Petitioner's two principal theories of relief are grounded in claims of ineffective assistance of counsel. (Doc. # 567). Petitioner argues that his defense counsel, Jeffrey P. Bloom, was ineffective in: (1) failing to challenge the use of prior convictions at his sentencing and; (2) failing to obtain the Grand Jury minutes in his case. Id.

In order to prevail on a claim of ineffective assistance, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

Here Petitioner has failed to make the required showing with respect to both of his claims of ineffective assistance of counsel. As the Government notes in its brief, the two prior South Carolina drug convictions that were used to determine Petitioner's career offender status were both distribution of cocaine offenses that are both punishable by a term of imprisonment of greater than one year. See Presentence Investigation Report (Doc. # 489 at paragraphs 32 and 33). The fact that Petitioner himself did not serve over one year in prison for either offense is not material to the career offender status determination. Based on the information presented in the Presentence Investigation Report and the clear state of the law, this Court does not conclude that defense counsel's failure to challenge the use of these prior convictions at sentencing amounted to objectively unreasonable conduct such as would support a finding of ineffective assistance of counsel.

Nor is there any basis in the record for the Court to conclude that defense counsel's decision not to request the Grand Jury transcript in Petitioner's case amounted to ineffective assistance of counsel. As the Government points out in its brief, the proceedings of the Grand

Jury are secret and subject only to *in camera* review, and that this review is limited to those situations where the defendant has made a "particular showing" of need for the information sought and how the information is material and favorable. United States v. King, 628 F.3d 693, 703 (4th Cir. 2011). Here Petitioner fails to provide any basis for his claim that the Grand Jury minutes in his case might have included exculpatory material not made available to him through post indictment discovery. Nor does Petitioner indicate how his case was prejudiced by his counsel's failure to press for review of the minutes, except to speculate that he might have been able to challenge the qualifications of the grand jurors. (Doc. # 567). Moreover, in his affidavit, Petitioner's defense counsel states that, to his knowledge, there was nothing contained in the Grand Jury transcript that would have benefited Petitioner beyond that which was already contained in the investigative reports and witness statements provided to Petitioner in discovery. (Doc. # 585-2 at p.4). Based on the record before the Court, the Court does not conclude that defense counsel's decision not to press for review of the Grand Jury minutes amounted to objectively unreasonable conduct such as would support a finding of ineffective assistance of counsel. Nor does the Court find any basis to conclude that this decision resulted in prejudice to Petitioner.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 567) and the Government's motion to dismiss is **GRANTED**. (Doc. # 585).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate

from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


July 16, 2012                                         \_\_s/Terry L. Wooten_____
Florence, South Carolina                     United States District Judge